## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAH ACQUISITION COMPANY 12, ) | Case No. 19-10641-R |
| LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### UNITED STATES TRUSTEE'S MOTION TO APPOINT CHAPTER 11 TRUSTEE

Ilene J. Lashinsky, United States Trustee for Region 20 (the "U.S. Trustee"), by and through the undersigned counsel, respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1104(a), appointing a Chapter 11 trustee. In support hereof, the U.S. Trustee represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b).

2. As of the filing of this motion, the U.S. Trustee has not appointed a Committee of Unsecured Creditors. Solicitations remain outstanding.

### STATEMENT OF RELEVANT FACTUAL AND PROCUEDRAL BACKGROUND

3. Debtor CAH Acquisition Company 12, LLC (the "Debtor"), through its Receiver (as more fully set forth and defined below) filed the above-styled bankruptcy case on April 1, 2019 (the "Petition Date"). The Debtor is a Delaware limited liability company.

4. The Debtor has not yet filed either its schedules or statement of financial affairs.

5. The Debtor was recently the subject of a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Eastern District of North Carolina, Greenville Division, Case No. 19-01229-5-JNC. This case has since been dismissed.

6. The Debtor's business is the operation of a 15-bed critical care access hospital in Fairfax, Oklahoma.

7. Due to alleged mismanagement and fraud, the Fairfax Public Works Authority, the Town of Fairfax, and Town of Fairfax Board of Control initiated a state court action in the District Court in and for Osage County, Oklahoma. The case is pending as CJ-2018-232 (the "State Court Case").

8. The State Court Case resulted in the appointment of a receiver, the Fairfax Healthcare Authority, an Oklahoma public trust (the "FHA" or the "Receiver"), on February 27, 2019. Copies of the *Order Appointing Receiver* (the "Receiver Order") and *Amendment to Order Appointment Receiver* are attached to the Debtor's *Certificate of Authority to File Petition*. *See* Dkt. No. 13.

9. The Receiver, through its agent, Charles Cartright, signed the *Voluntary Petition for Relief*, thereby initiated the instant case. *See* Dkt. No. 1.

10. The Receiver is currently operating the Debtor's business.

11. The U.S. Trustee has no current information from the Debtor regarding the Debtor's principals, managers and/or members.

12. The Debtor, through the Receiver, has sought authority from this Court to borrow monies ($3.5 million), employ management, employ counsel and pay employee wages – all on an expedited basis. *See* Dkt. Nos. 3, 5, 9 and 22.

13. While none of these requests is unusual in the context of a Chapter 11 bankruptcy case, the fact that there is no debtor making these requests is unusual.

14. The Debtor has also filed a motion to waive the turnover requirements of Section 543 of the Bankruptcy Code such that the Receiver would not be required to turn over the assets and affairs of the company to the Debtor. *See* Dkt. No. 7.

## REQUEST FOR RELIEF

15. The U.S. Trustee seeks the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 for cause, as more fully set forth herein.

## ARGUMENT AND AUTHORITY

**Authority of Receiver to Act as Debtor in Possession**

16. The U.S. Trustee does not contest that the Receiver Order, as amended, appears to bestow authority for filing a bankruptcy case upon the Receiver.

17. However, the U.S. Trustee asserts that the Receiver does not have the legal authority to act as the debtor in possession in this bankruptcy case and to bind the Debtor through the pleadings filed herein.

18. The Bankruptcy Code provides that the filing of a bankruptcy case after the appointment of a receiver places all of the debtor's property under the jurisdiction of the bankruptcy court. *See* 11 U.S.C. § 543. Section 543 also provides that a "custodian" is generally

3

barred from taking further action in the administration of the debtor's property and must turnover any assets to the debtor. A receiver is considered such a "custodian." *See* 11 U.S.C. § 101(11).

19. Upon the filing of a bankruptcy case, a state court receiver's position and authority go from a "state-law liquidator ... to a federally suspended custodian of a bankruptcy estate." *See e.g., Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, 592 F.3d 664, 670 (5th Cir. 2009). *See also In re Roxwell Performance Drilling, LLC*, 2013 WL 6799118 (N.D. Tex. 2013) (distinguishing between a federal court and state court receiver and finding that the latter should not remain control; appointing a chapter 11 trustee) and *In re Briar Hill Foods, LLC*, 2018 WL 4404274 (Bankr. N.D. Ohio 2017) (finding that administration of a chapter 11 case must be by a trustee or debtor in possession*). But see In re Bayou Group, L.L.C.*, 363 B.R. 674 (S.D.N.Y. 2007), aff'd 564 F.3d 541 (allowing a federal court receiver to remain in control of a bankruptcy estate). *Collier's on Bankruptcy* supports the position that a receiver cannot continue as either a debtor in possession or the "functional equivalent of trustee." *5 Collier on Bankruptcy* ¶543.05, p. 543 (16th Ed. Rev.).

20. The appointment of the Receiver in the State Court Case supports a finding that the Debtor does not have reasonable and trustworthy management in place and that the Receiver should not turn over operations and assets to management. As such, the U.S. Trustee contends that "cause" exists under 11 U.S.C. § 1104(a)(1) to appoint a Chapter 11 trustee.

**Appointment of a Trustee**

21. Pursuant to Section 1104(a) of the Bankruptcy Code, the U.S. Trustee seeks the appointment of a Chapter 11 trustee to manage the financial affairs of the Debtor. 11 U.S.C. § 1104(a).

4

22. In pertinent part, Section 1104(a) provides as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets and liabilities of the debtor.

11 U.S.C. § 1104(a).

23. The language of Section 1104(a)(a)(1) is mandatory. In the instant case, there are serious allegations of mismanagement, fraud and dishonestly in the State Court Case. Those allegations led to the appointment of the Receiver.

24. However, mismanagement, fraud and dishonestly are not the only types of "cause" considered under Section 1104(a)(1). The Bankruptcy Code does not attempt to give an all-inclusive definition of what constitutes "cause" for the appointment of a Chapter 11 trustee. Rather, the Code recognizes that what constitutes sufficient cause for the appointment of a Chapter 11 trustee is a question of fact. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3rd Cir. 1989), *7 Collier on Bankruptcy* ¶ 1104.02[3][a] (16th Ed. Rev.).

25. Once the court determines that the facts as presented establish cause, the statute mandates that the court "shall" appoint a trustee. *In re Oklahoma Refining Company,* 838 F.2d 1133, 1136 (10th Cir. 1988). *See also Escoe v. Zerbst*, 295 U.S. 490, 493 (1935) (stating that "shall" is the language of command and its use in a statute indicates intent that the statute should be mandatory).

26. The Court may order the appointment a Chapter 11 trustee without a finding of fraud, dishonesty, incompetence or gross mismanagement when such an appointment would be the best interest of creditors. 11 U.S.C. § 1104(a)(2). *See also Oklahoma Refining,* 838 F.2d at 1136.

27. Among the factors, the Court may consider in determining whether to appoint a Chapter 11 trustee under Section 1104(a)(2) are: (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for the debtor's reorganization; (3) confidence, or lack thereof, of the business community and creditors in present management; and (4) the benefits derived by appointment of a trustee, balanced against the costs of appointment. *See In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990) and *In re Colorado-Ute Elec. Ass'n, Inc.*, 120 B.R. 164, 176 (Bankr. D.Colo. 1990).

28. In the instant case, the U.S. Trustee contends that the State Court Receiver cannot legally carry out the duties of a debtor in possession. As there may be no one else capable of adequately carrying out those duties for the Debtor, the Court should appoint a Chapter 11 trustee. Such an appointment would allow the continuation of the business of the Debtor as well as the continuation of this reorganization proceeding and would be in the best interests of creditors.

29. The Court's appointment of a Chapter 11 trustee would insure that the Debtor's fiduciary duties under the Bankruptcy Code are exercised by a properly empowered and neutral party. This is certainly in the best interests of creditors.

## CONCLUSION

In light of the above, the U.S. Trustee seeks an Order from this Court appointing a Chapter 11 Trustee. The U.S. Trustee submits that cause exists under the relevant Code sections.

Dated this 3rd day of April, 2019.

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

*/s/ Bonnie N. Hackler*
Katherine Vance, OBA No. 9175
Paul R. Thomas OBA No. 11546
Bonnie N. Hackler, OBA No. 18392
224 South Boulder, Room 225
Tulsa, Oklahoma 74103
(918) 581-6671- Telephone
(918) 581-6674 - Facsimile
bonnie.hackler@usdoj.gov – Email